UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
ANTHONY PILAND,                    :
                                   :
            Plaintiff,             :
                                   :
v.                                 :      Civil No. 3:09CV825(AWT)
                                   :
FRANK ESPOSITO and                 :
TOWN OF WATERTOWN,                 :
                                   :
            Defendants.            :
------------------------------x

RULING ON DEFENDANTS FRANK ESPOSITO
AND TOWN OF WATERTOWN'S MOTION TO DISMISS

The plaintiff, Anthony Piland ("Piland"), filed this § 1983 action against Frank Esposito ("Esposito") and the Town of Watertown alleging violations of the Due Process Clause and the Fourth Amendment to the United States Constitution.  The defendants have moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons set forth below, the defendants' motion is being granted in part and denied in part.

I.  **Factual Background**

For purposes of a motion to dismiss, the court accepts as true the facts alleged in the complaint.  In May 2008, the plaintiff was a resident of the Town of Watertown.  On the evening of May 15, 2008, the plaintiff's doorbell rang, but there was no one at the door.  Shortly thereafter, one of the plaintiff's neighbors telephoned to say that she had observed

someone looking in her windows and heard the doorbell ring.  The
plaintiff, concerned that this activity was preparation for a
home invasion, called the police.  He then left his house to
check on his neighbor, armed with two kitchen knives.  Seeing a
person run out of the nearby woods, the plaintiff detained that
person, a juvenile, until the police arrived.

Esposito was the officer who arrived in response to the
plaintiff's call.  Although Esposito did not arrest either the
plaintiff or the juvenile the plaintiff had detained that night,
he did place the plaintiff in handcuffs and put him in a police
cruiser.

Two weeks later, Esposito swore out an affidavit for an
arrest warrant charging the plaintiff with risk of injury to a
minor, assault in the third degree, carrying a dangerous weapon,
unlawful restraint in the second degree, strangulation in the
third degree, threatening in the second degree, and breach of
peace in the second degree.

The plaintiff was arrested and appeared in court on the
criminal charges.  Rather than going to trial, however, the
plaintiff applied for and was allowed to enter a diversionary
program pursuant to Connecticut General Statutes § 54-56e
("Accelerated Rehabilitation") which, if successfully completed,
results in the dismissal of the charges.  See generally Conn. Gen.
Stat. § 54-56e (establishing and defining parameters and

procedures for Accelerated Rehabilitation).

## II. **Legal Standard**

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, the courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)."  Id. (citations omitted).  However, the plaintiff is required to plead only "enough facts to state a claim to relief that is plausible on its face."  Id. at 1960.

"The function of a motion to dismiss is 'merely to assess

the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Stores Co., 34 F. Supp. 2d 130, 131 (D.Conn. 1999) (quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims."  United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D.Conn. 1990) citing Scheuer, 416 U.S. at 236.

## III. Discussion

### A. Substantive Due Process Claim

The plaintiff claims that the Town of Watertown and Esposito violated his substantive due process rights because Esposito made material misrepresentations of fact in his affidavit in support of the warrant for the plaintiff's arrest.  The plaintiff relies on Zahrey v. Coffey, 221 F.3d 342 (2d Cir. 2000).  In that case, the Second Circuit held that there is a constitutional "right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigatory capacity."  Id. at 349.

Zahrey cannot support the plaintiff's claim, however, for two reasons.  First, the plaintiff's reliance on the Due Process Clause is misplaced.  The Supreme Court has held that "where another provision of the Constitution 'provides an explicit

4

textual source of constitutional protection,' a court must assess a plaintiff's claims under that explicit provision and 'not the more generalized notion of "substantive due process."'" <u>Conn v. Gabbert</u>, 526 U.S. 286, 293 (1999) (quoting <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989)). In <u>Graham</u>, the Supreme Court held that excessive force claims against law enforcement officers should be analyzed under the Fourth Amendment, because that amendment "provides an explicit textual source of constitutional protection against this sort of physically intrusive government conduct." 490 U.S. at 395. The Court extended this logic in <u>Albright v. Oliver</u>, 510 U.S. 266 (1994), where it held that "it is the Fourth Amendment, and not due process, under which" a § 1983 claim based on the institution of criminal charges without probable cause must be judged.[1] <u>Id.</u> at 271. The plaintiff's claim falls within <u>Albright's</u> rule. He claims that he was deprived of liberty because of a seizure of his person based on known falsehoods. The conduct he alleges the defendants committed is an example of an "unreasonable . . . seizure[]" of the person against which the Fourth Amendment was designed to protect. U.S. Const. amend. IV.

Second, <u>Zahrey</u> is distinguishable from this case because Piland waived his right to contest the lawfulness of the arrest

---

[1]Like the plaintiff in <u>Albright</u>, the plaintiff here does not allege that his arrest pursuant to the warrant violated his Fourth Amendment rights. (Mem. Opp'n Def.'s Mot. Dismiss 4); <u>see</u> <u>Albright</u>, 510 U.S. at 271.

and prosecution.  In <u>Zahrey</u>, the plaintiff had been imprisoned for eight months until he was acquitted of all charges.  See <u>id.</u> at 346.  In this case, by contrast, the plaintiff "applied for, and was granted, a diversionary program known as accelerated rehabilitation," which the plaintiff concedes "is not, as a matter of law, a 'favorable termination'" that allows him to bring a claim of either false arrest or malicious prosecution. (Compl. ¶¶ 21-22.)

In <u>Roesch v. Otarola</u>, 980 F.2d 850 (2d Cir. 1992), the Second Circuit held "that a dismissal pursuant to the Connecticut accelerated pretrial rehabilitation program is not a termination in favor of the accused for purposes of a civil rights suit."[2] <u>Id.</u> at 853.  Accordingly, because he applied for Accelerated Rehabilitation rather than pursuing his criminal case to a point where he obtained a favorable termination, the plaintiff has waived his right to challenge the basis for the charges against

---

[2]Although there is some lack of clarity as to what is or is not a favorable termination, <u>see generally</u> <u>Russo v. City of Bridgeport</u>, 479 F.3d 196, 204 n.9 (2d Cir. 2007) (collecting cases), it is clear that there must be a favorable termination in order for the plaintiff to maintain his § 1983 claim for malicious prosecution. <u>See, e.g.</u>, <u>Fulton v. Robinson</u>, 289 F.3d 188, 195 (2d Cir. 2002) ("In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must . . . establish the elements of a malicious prosecution claim under state law . . . ."); <u>McHale v. W. B. S. Corp.</u>, 446 A.2d 817, 817 (Conn. 1982) (enumerating the elements of a malicious prosecution under Connecticut law, including that "the criminal proceedings have terminated in favor of the plaintiff"). Not only does the plaintiff concede that the disposition of the charges against him in this case was not a termination in his favor (Mem. Opp'n Def.'s Mot. Dismiss 4), but also as a matter of law it was not.  <u>See</u> <u>Roesch</u>, 980 F.2d at 853.

him in a § 1983 action.

**B. Fourth Amendment Claim**

The complaint alleges that:

> The plaintiff left his home to check on his
> neighbor after calling the police.  He was armed
> with two kitchen knives in the event he needed to
> defend himself against a person or persons
> unknown. . . . As the plaintiff went to check on
> his neighbor, he saw a person dart out from the
> woods near his home.  The plaintiff stopped the
> person and kept him at the scene until the police
> arrived. . . . When defendant Esposito arrived,
> the plaintiff explained that he was the person who
> had called for police assistance, and that he had
> detained the person he believed responsible for
> evaluating both his and his neighbor's home for a
> burglary. . . . Rather than taking the suspected
> intruder, a juvenile, into custody, defendant
> Esposito took the plaintiff into custody, placing
> him in handcuffs and putting him into a police
> cruiser. . . . The seizure of the plaintiff
> exceeded what was reasonable for investigative
> detention. . . . Defendant Esposito arrested
> neither the plaintiff nor intruder at the scene on
> May 15, 2008.

(Compl. ¶¶ 9-13.)

Esposito's actions constituted a seizure of the plaintiff
for the purposes of the Fourth Amendment.  The Supreme Court
noted that a seizure of a person has occurred for purposes of the
Fourth Amendment where an officer has made "a show of official
authority such that 'a reasonable person would have believed that
he was not free to leave.'" Florida v. Royer, 460 U.S. 491, 502
(1983) (quoting United States v. Mendenhall, 446 U.S. 544, 554
(1980) (opinion of Stewart, J.)).  The plaintiff was handcuffed
and put into a police cruiser.  A reasonable person who has been

7

handcuffed by a police officer and put into a police cruiser would not believe he is free to leave.

The conclusion that the plaintiff was seized does not end the inquiry, however.  "[N]ot all seizures of the person must be justified by probable cause to arrest for a crime. . . . [R]easonable suspicion of criminal activity warrants a temporary seizure," even in the absence of probable cause to arrest, for the purposes of limited questioning and the protection of the officer and others.  Id. at 498; see Terry v. Ohio, 392 U.S. 1, 27 (1968) ("[T]here must be a narrowly drawn authority to permit a reasonable search for weapons . . . where [a police officer] has reason to believe that he is dealing with an armed and dangerous individual . . . . [T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.")  For a seizure short of arrest to be lawful, an officer must have a "reasonable suspicion, based on specific and articulable facts, of unlawful conduct." United States v. Bayless, 201 F.3d 116, 132 (2d Cir. 2000)(quoting United States v. Scopo, 19 F.3d 777, 781 (2d Cir. 1994)).  The court must consider the totality of the circumstances, and "evaluate those circumstances 'through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training.'" Id. at 133 (quoting United States v. Oates, 560 F.2d 45, 61 (2d Cir. 1977)).

8

In the allegations quoted above, the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1960 (2009).  Although the defendants' memorandum of law describes the plaintiff as "restraining a minor at knife point" when defendant Esposito arrived in response to the plaintiff's call, no such allegation is present in the complaint.  (Mem. Supp. Defs. Mot. Dismiss 6.)  Drawing inferences in a light most favorable to the plaintiff, the allegations in the complaint do not support a conclusion that, under the circumstances, defendant Esposito had a reasonable suspicion of unlawful conduct on the part of the plaintiff.

The defendants' argument that Esposito is entitled to qualified immunity fails for the same reason.  "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, ___ U.S. ___, 129 S.Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  The elements of qualified immunity are thus (1) the violation a right; (2)that is clearly established.  See id. (overruling the requirement of Saucier v. Katz, 533 U.S. 194 (2001) that questions of qualified immunity be decided in the order specified above, but noting that

"[q]ualified immunity is applicable unless the official's conduct violated a clearly established right."). Because, drawing inferences in a light most favorable to the plaintiff, the allegations in the complaint do not support a conclusion that the circumstances encountered by defendant Esposito gave rise to a "reasonable suspicion . . . of unlawful conduct," it cannot be determined at this stage of the case that he did not violate clearly established law. Bayless, 201 F.3d at 132. Consequently, the court cannot conclude that he is entitled to qualified immunity at this stage.

**C. Claim Against the Town of Watertown**

The plaintiff argues that the Town of Watertown is liable to him because it "does not maintain a policy requiring officers contacted by either victims or their families from reporting [sic] this contact to superiors so that an evaluation of whether to seek an arrest can be made." (Compl. ¶ 26.) Because Piland does not allege that the conduct of the Town was the cause of the harm to him with respect to his Fourth Amendment claim, and his due process claim has been dismissed, his claim against the Town of Watertown should be dismissed.

The Supreme Court has "required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury. Board of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 383,

403 (1997).  "[I]t is not enough . . . merely to identify conduct properly attributable to the municipality.  The plaintiff must also demonstrate that, through its <u>deliberate</u> conduct, the municipality was the 'moving force' behind the injury alleged." <u>Id.</u> at 404.  In other words, the plaintiff "must show that the municipal action was taken with the requisite degree of culpability . . . ." <u>Id.</u>

Here, the plaintiff has not alleged facts that could support such a conclusion.  The plaintiff alleges that the "lack of such a policy in this case amounted to the knowingly extortionate use of police services as part of what can best be described as a shakedown of the plaintiff in anticipation of civil litigation." (Compl. ¶ 26.)  However, the "knowingly extortionate" allegation is made with respect to the family of the juvenile the plaintiff stopped on May 15, 2008.  As the complaint alleges, it was they who "used influence" with Esposito and "members of the Watertown police department" to "press for the arrest of the plaintiff in order to bolster a potential civil suit against the plaintiff." (Compl. ¶ 25.)  Because there is no allegation that the Town of Watertown acted deliberately in failing to maintain the kind of policy referred to, the plaintiff has failed to state a claim against it.

**IV.  <u>Conclusion</u>**

For the reasons set forth above, Defendants Frank Esposito

11

and Town of Watertown's Motion to Dismiss (Doc. No. 12) is hereby GRANTED in part and DENIED in part.  The claims against defendant Town of Watertown and the plaintiff's due process claim against Frank Esposito are dismissed.  The plaintiff's Fourth Amendment claim against Frank Esposito is the sole remaining claim.

It is so ordered.

Signed this 11th day of March, 2010 at Hartford, Connecticut.

_____/s/AWT_____
Alvin W. Thompson
United States District Judge